KATHERINE A. MANUEL, CA Bar No. 340838
katherine.manuel@ogletree.com
BENJAMIN A. MAINS, CA Bar No. 274056
benjamin.mains@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:    415-442-4810
Facsimile:    415-442-4870

Attorneys for Defendant
HERC RENTALS, INC.

MICHAEL R. CROSNER, CA Bar No. 41299
mike@crosnerlegal.com
ZACHARY M. CROSNER, CA Bar No. 272295
zach@crosnerlegal.com
BLAKE R. JONES, CA Bar No. 211221
blake@crosnerlegal.com
JONATHAN STILZ, CA Bar No. 308681
jon@crosnerlegal.com
CROSNER LEGAL, PC
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA  90210
Telephone:    310-496-5818
Facsimile:    310-510-6429

Attorneys for Plaintiff
ERIK RUDOLPH

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIK RUDOLPH, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>HERC RENTALS, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>        Defendant. | Case No. 2:21-CV-02304-KJM-KJN<br><br>**JOINT CASE MANAGEMENT STATEMENT; ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Rule 16 of the Federal Rules of Civil Procedure and Local Rule 240.

Plaintiff ERIK RUDOLPH ("Plaintiff") and Defendant HERC RENTALS, INC. ("Herc" or "Defendant") (collectively, the "Parties") hereby submit this Joint Case Management Statement:

I. NATURE OF THE CASE

    A. **Attorneys of Record**

Plaintiff is represented by:

Michael R. Crosner
Zachary M. Crosner
Blake R. Jones
Jonathan Stilz
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Ste. 301
Beverly Hills, CA 90210
Telephone: 310.496.5818
*mike@crosnerlegal.com*
*zach@crosnerlegal.com*
*blake@crosnerlegal.com*
*jon@crosnerlegal.com*

Defendant is represented by:

Katherine A. Manuel
Benjamin A. Mains
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
One Embarcadero Center, Ste. 900
San Francisco, CA 94111
Telephone: 415.442.4810
*katherine.manuel@ogletree.com*
*benjamin.mains@ogletree.com*

    B. **Basis for Federal Jurisdiction and Venue**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, diversity jurisdiction. This case is properly venued in the Eastern District of California, as the purported events giving rise to Plaintiff's Complaint occurred in this district.

    C. **Describe the Nature of the Claims Asserted in the Complaint and Any Counterclaims**

Plaintiff alleges claims for disability discrimination, failure to accommodate, failure to engage in the interactive process, and retaliation in violation of the California Fair Employment and

Housing Act ("FEHA"), violation of the California Family Rights Act ("CFRA"), and wrongful termination in violation of public policy.  Specifically, Plaintiff, a former transport driver, claims Defendant unlawfully terminated him after he had a bathroom emergency and injured his back in the process.  Defendant denies Plaintiff's allegations.

### D. Statement of the Major Legal and Factual Issues

Plaintiff maintains the material factual and legal issues in this case include: (1) whether Defendant's proffered reason for Plaintiff's termination was pretext for discrimination and retaliation; (2) whether Plaintiff's alleged actions prior to his termination violated any applicable laws or regulations; (3) whether Plaintiff's alleged actions prior to his termination violated any of Defendant's policies in effect; (4) whether Plaintiff's alleged actions prior to his termination are subject to discipline; (5) whether Plaintiff's alleged actions prior to his termination are excused by mitigating circumstances; (6) whether Defendant's termination of Plaintiff was substantially motivated by Defendant's discriminatory animus towards Plaintiff and his disability; (7) whether Defendant's termination of Plaintiff was in retaliation for Plaintiff's request for an accommodation for his disability; (8) whether Defendant's termination of Plaintiff was in retaliation for Plaintiff's intent to file a workers compensation claim related to his workplace injury; (9) whether Defendant failed to engage in the interactive process with Plaintiff regarding Plaintiff's request for an accommodation; (10) whether Defendant failed to accommodate Plaintiff's disability; (11) whether Defendant violated any of Plaintiff's rights under the California Family Rights Act; (12) whether Defendant's termination of Plaintiff violated public policy;  (13) the amount and extent of Plaintiff's damages; and (14) whether Plaintiff's damages were caused by the actions of Defendant.

Defendant maintains the material legal issues in this case include: (1) whether Plaintiff was a qualified individual with a disability; (2) whether a reasonable accommodation was available to Plaintiff; (3) whether Defendant failed to accommodate Plaintiff's alleged disability; (4) whether Plaintiff's alleged disability played a part in any action taken by Defendant which materially affected

the terms and conditions of Plaintiff's employment; (5) whether Plaintiff engaged in protected activity; (6) whether Plaintiff's alleged protected activity was the cause of any action by Defendant; (7) whether Defendant had legitimate, non-discriminatory, non-retaliatory reasons for its actions relating to Plaintiff; (8) whether Plaintiff can establish Defendant violated any of his rights under the California Family Rights Act or the California Fair Employment Housing Act; (9) whether Plaintiff can establish Defendant violated public policy in terminating his employment; (10) whether Plaintiff is entitled to damages; and (11) whether Plaintiff has mitigated his alleged damages.  Defendant asserts there are no material issues of fact in this case and, thus, the Court should dismiss this case at summary judgment.

### E.    Status of Service and Joinder of Additional Parties

All parties have been served.  Defendant filed its responsive pleading and removed this matter from the Superior Court for the County of Sacramento on December 14, 2021.  (ECF No. 001; ECF No. 001-2.)  The Parties do not anticipate the joinder of any additional parties.

## II.    CASE PLAN AND TRIAL

### A.    Contemplated Amendments to the Pleadings

The Parties do not anticipate any amendments to the pleadings, but if the Parties uncover information that requires any amendments, the party requesting the amendment shall file a motion pursuant to Federal Rule of Civil Procedure 15(a).

### B.    Anticipated Discovery and Motion Practice

#### 1.    General Type of Discovery Needed

The Parties will seek both written and oral discovery, including electronic discovery.

#### 2.    Initial Disclosures

The Parties agreed to exchange initial disclosures pursuant to Federal Rule 26(a)(1) on April 4, 2022.

### 3. Fact Discovery

The Parties propose a fact discovery deadline of **October 31, 2022**.

### 4. Expert Discovery

The Parties propose that the Court defer expert discovery relevant to damages until it becomes necessary for hearing or trial.

### 5. Dispositive Motions

The Parties propose a dispositive motion hearing deadline of at least **60 days after** the fact discovery deadline set by the Court. If the Court sets October 31, 2022 as the fact discovery deadline, the Parties propose a dispositive motion hearing deadline of **February 15, 2023** (in light of the required briefing schedule per the Local Rules and the holidays).

## C. Trial

The Parties anticipate that they will be ready for trial within 90 days following receipt of the Court's ruling on all dispositive motions filed. The parties expect the trial to last **3-5 days**.

## III. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

Counsel for the Parties have advised their respective clients that this action may proceed before a Magistrate Judge if the Parties consent unanimously. The Parties do not unanimously consent to proceed before the Magistrate Judge.

## IV. STATUS OF SETTLEMENT DISCUSSIONS

The Parties previously engaged in settlement discussions that were not fruitful. Plaintiff intends to make an updated settlement proposal to Defendant following the completion of written discovery and depositions.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  April 1, 2022 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |

By:  /s/ Katherine A. Manuel
    KATHERINE A. MANUEL
    BENJAMIN A. MAINS

Attorneys for Defendant
HERC RENTALS, INC.

DATED:  April 1, 2022        CROSNER LEGAL, PC

By:  /s/ Jonathan Stilz  (as authorized on 4/1/2022)
    Michael R. Crosner
    Zachary M. Crosner
    Blake R. Jones
    Jonathan Stilz

Attorneys for Plaintiff
ERIK RUDOLPH

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT is approved as the Case Management Order for this case and all parties shall comply with its provisions. In addition, the Court makes the further orders stated below:

1. The fact discovery deadline is October 31, 2022.
2. All dispositive motions must be fully briefed pursuant to the Local Rules and heard by the Court by February 17, 2023.

IT IS SO ORDERED.

DATED: April 7, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE